Scott Pangallo d/b/a Scott        :
Pangallo Contracting,             :
           Petitioner        :
       :
         v.              :
       :
Pennsylvania Prevailing       :
Wage Appeals Board,        :    No. 526 C.D. 2022
          Respondent      :    Submitted: February 24, 2023


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE STACY WALLACE, Judge


OPINION BY
JUDGE COVEY                                FILED: June 5, 2023


Scott Pangallo d/b/a Scott Pangallo Contracting (Pangallo) petitions this Court for review of the Pennsylvania Prevailing Wage Appeals Board's (Board) April 29, 2022 order affirming the Department of Labor and Industry (Department) Secretary's (Secretary) order that determined Pangallo unintentionally violated the Pennsylvania Prevailing Wage Act (Act)[1] by failing to pay applicable prevailing wages to workers. Pangallo presents two issues for this Court's review: (1) whether the Secretary violated Pangallo's constitutional rights because the Clearfield County Recreation and Tourism Authority (Contracting Body) did not comply with the Act's provisions, and Pangallo at all times contracted for and completed the work for a private corporation without notice that the Act applied to the work performed; and (2) whether the Secretary misapplied existing precedent and granted relief not sanctioned by or approved in any judicial decision, by ordering a contractor to be

---

[1] Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§ 165-1 - 165-17.

solely and personally financially responsible for the Contracting Body's failure to comply with the Act.[2]  After review, this Court affirms.

On March 12, 2018, the Bureau of Labor Law Compliance (Bureau) issued an administrative Order to Show Cause (OSC) charging that Pangallo had unintentionally failed to pay prevailing minimum wages to his workers on the Clearfield County Recreation and Tourism Authority Renovations Project (Project). On March 29, 2018, Pangallo and Bonnie Pangallo[3] filed an Answer to the OSC denying that they had violated the Act.  The Secretary assigned the case to a hearing officer who held a prehearing conference on June 15, 2018.  At the prehearing conference, the parties agreed to submit the matter on the Joint Stipulations of Fact (Joint Stipulations) filed on June 8, 2018, instead of participating in a formal hearing. Both parties subsequently filed briefs in support of their positions.

On January 9, 2019, the hearing officer issued a proposed adjudication and order (Proposed Report).  Pangallo filed a brief on exceptions to the Proposed Report and the Bureau filed a brief opposing Pangallo's exceptions.  On June 26, 2020, the Secretary issued an order adopting the entire Proposed Report, except for some errors deemed harmless.  The Secretary determined that Pangallo had unintentionally violated the Act by failing to pay appropriate prevailing wage rates to his workers and afforded Pangallo the opportunity to adjust the wages owed by submitting a check to the Bureau in the amount of the underpayments within 30 days.[4]  On July 3, 2020, Pangallo appealed to the Board.  The Board held argument

---

[2] Pangallo frames his issues relative to the Bureau of Labor Law Compliance's actions; however, the Secretary made the determination which the Board affirmed.

[3] The original caption of the underlying administrative proceeding also named Bonnie Pangallo, individually, and some of the parties' filings with the Board still include her in the caption.  However, the Secretary's order dismissed her from the case.  *See* Reproduced Record at 148a n.1.  Accordingly, Bonnie Pangallo is not involved in this appeal.

[4] The Bureau would then make the payments directly to the workers.

on May 24, 2021.  On April 29, 2022, the Board affirmed the Secretary's order. Pangallo appealed to this Court.[5, 6]

Initially, Section 5 of the Act provides: "Not less than the prevailing minimum wages as determined hereunder shall be paid to all workmen employed on public work."  43 P.S. § 165-5.  Section 2(5) of the Act defines *public work* as

> construction, reconstruction, demolition, alteration and/or repair work other than maintenance work, done under contract and paid for in whole or in part out of the funds of a public body where the estimated cost of the total project is in excess of twenty-five thousand dollars ($25,000[.00]), but shall not include work performed under a rehabilitation or manpower training program.

43 P.S. § 165-2(5).  The parties stipulated:

> The Project . . . is a "public work" under [S]ection 2(5) of the Act, . . . in that the . . . Contracting Body . . . is a public body under [S]ection 2(4) of the Act, 43 P.S. § 165-2(4),[7] and it was paid for in whole or in part by funds from the Contracting Body.

Reproduced Record (R.R.) at 50a.

Section 4 of the Act mandates:

> It shall be the duty of every public body which proposes the making of a contract *for any project of public work* to determine from the [S]ecretary the prevailing minimum wage rates which shall be paid by the contractor to the

---

[5] "This Court's review is limited to a determination of whether findings of fact are supported by substantial evidence, whether legal error was committed, or whether constitutional rights were violated."  *Worth & Co., Inc. v. Dep't of Lab. & Indus., Prevailing Wage Appeals Bd.*, 857 A.2d 727, 730 n.5 (Pa. Cmwlth. 2004), *aff'd*, 938 A.2d 239 (Pa. 2007).

[6] The Bureau filed a Notice of Intervention on June 15, 2022.  The Board subsequently filed a letter stating that is was a disinterested party.

[7] Section 2(4) of the Act defines *public body* as "the Commonwealth of Pennsylvania, any of its political subdivisions, any authority created by the General Assembly of the Commonwealth of Pennsylvania[,] and any instrumentality or agency of the Commonwealth of Pennsylvania."  43 P.S. § 165-2(4).

3

workmen upon such project. *Reference to such prevailing minimum rates shall be published in the notice issued for the purpose of securing bids for such project of public work.* Whenever any contract for a project of public work is entered into, *the prevailing minimum wages as determined by the* [S]*ecretary shall be incorporated into and made a part of such contract* and shall not be altered during the period such contract is in force.

43 P.S. § 165-4 (emphasis added). Four of Pangallo's workmen were paid less than the predetermined prevailing minimum wage. *See* R.R. at 59a (Prevailing Wage Audit).

Section 11(d) of the Act requires:

In the event that the [S]ecretary shall determine, after notice and hearing as required by this section, that any person or firm has failed to pay the prevailing wages *and that such failure was not intentional*, [s]he shall afford such person or firm a reasonable opportunity to adjust the matter by making payment or providing adequate security for the payment of the amounts required to be paid under this [A]ct as prevailing wages to the workmen affected on such terms and conditions as shall be approved by the [S]ecretary.

43 P.S. § 165-11(d) (italic and underline emphasis added).

Pangallo first argues that the Secretary violated his constitutional rights because the Contracting Body did not comply with the Act, and Pangallo at all times contracted for and completed the work in question for a private corporation without notice that the Act applied to the work performed. Specifically, Pangallo contends that the Act specifies a procedural framework in which all contractors are expressly put on notice that the Act will apply to the work performed, and the Contracting Body's failure to so notify Pangallo before his work was bid and completed, combined with the Board's retroactive application of the Act to only Pangallo and not the Contracting Body, deprived him of due process of law. The Bureau rejoins

4

that since it charged Pangallo with an unintentional violation, the Bureau did not have to prove that Pangallo was aware that the Project was a public works project.

> [T]he Pennsylvania Supreme Court observed:
>
>> [T]he Act's focus is placed squarely on protecting workers on public works projects from receiving substandard wages. . . . Therefore, **it is irrelevant that [the a]ppellant in good faith had determined that the [p]roject was not subject to the Act**. The Act provides that the worker is not to be "punished" by payment of substandard wages.
>
>> *Borough of Youngwood v. Pa. Prevailing Wage Appeals Bd.*, . . . 947 A.2d 724, 733 ([Pa.] 2008). . . . This Court has consistently held that **the duty to pay the prevailing minimum wages is determined by the provisions of the Act alone and is not affected by other factors**. *See, e.g.*, *Borough of Schuylkill Haven* [*v. Prevailing Wage Appeals Bd.*, 6 A.3d 580 (Pa. Cmwlth. 2010)] (the duty to pay a prevailing wage was not affected by the public body's designation of the project as "maintenance work" excluded from the definition of public work); *Borough of Ebensburg v. Prevailing Wage Appeals Bd.*, 893 A.2d 181 (Pa. Cmwlth. 2006) (the borough could not rely on a memorandum of understanding between two state agencies attempting to define the term "maintenance" to argue that the project was exempt from the requirement of the Act); *A.R. Scalise Co. v. Pa. Prevailing Wage Appeals Bd.*, . . . 393 A.2d 1306 ([Pa. Cmwlth.] 1978) (**a public body's failure to include a prevailing wage rate in the contract specifications did not absolve the contractor from paying the prevailing minimum wages**). Hence, [the contractor] must comply with the prevailing minimum wage requirement, regardless of [its] good faith understanding of the requirement or the language in the project contract.

*Bockelman Trucking v. Pa. Prevailing Wage Appeals Bd.*, 30 A.3d 616, 624 (Pa. Cmwlth. 2011) (emphasis omitted and added). Thus,

> [w]hile the [Contracting Body] may have violated Section 4 of the Act by not including the rates in the specifications, [or even that the Act applied,] the duty of [Pangallo] under Section 5 of the Act to pay the prevailing wages is not contingent upon the [Contracting Body's] fulfillment of its duties under Section 4 [of the Act].

*A.R. Scalise Co.*, 393 A.2d at 1308 (footnotes omitted). Accordingly, there is no requirement that the Contracting Body follow procedures before a contractor can be held solely responsible for an unintentional violation of the Act.

Further, while Pangallo asserts that the Secretary's retroactive application of the Act violated his due process rights, the fact is, the Act always applied. That Pangallo may not have been aware that the Act applied in this instance prohibited the Board from finding an intentional violation under Section 11(e) of the Act,[8] banning Pangallo from working on any public work projects for the next three years, and imposing other possible penalties under Section 11(f) of the Act.[9] The

---

[8] Section 11(e) of the Act declares:

> In the event that the [S]ecretary shall determine, after notice and hearing as required by this section, that any person or firm has failed to pay the prevailing wages and that such failure was intentional, he shall thereupon notify all public bodies of the name or names of such persons or firms and no contract shall be awarded to such persons or firms or to any firm, corporation or partnership in which such persons or firms have an interest until three years have elapsed from the date of the notice to the public bodies aforesaid. The [S]ecretary may in addition thereto request the Attorney General to proceed to recover the penalties for the Commonwealth of Pennsylvania which are payable under subsection (f) of this section.

43 P.S. § 165-11(e).

[9] Section 11(f) of the Act provides:

> Whenever it shall be determined by the [S]ecretary, after notice and hearing as required by this section, that any person or firm has failed to pay the prevailing wages and that such failure was intentional, such persons or firm shall be liable to the Commonwealth of Pennsylvania for liquidated damages, in addition to damages for any other breach of the contract in the amount of the underpayment of

6

Secretary's finding of an unintentional violation merely requires Pangallo to now pay his workers the wages to which they were rightfully entitled from the beginning. Such enforcement of the Act was not meant to punish Pangallo, but to ensure that his workers were properly paid. Accordingly, the Secretary's action did not violate Pangallo's constitutional rights.

Pangallo next argues that the Secretary misapplied existing precedent and granted relief not sanctioned by or approved in any judicial decision, by making him solely and personally financially responsible for the Contracting Body's failure to comply with the Act. Specifically, Pangallo contends that the Secretary failed to acknowledge and implement the relief provided in *Lycoming County Nursing Home Ass'n, Inc. v. Department of Labor & Industry, Prevailing Wage Appeals Board*, 627 A.2d 238 (Pa. Cmwlth. 1993), by not remanding the matter with instructions that the Contracting Body shall comply with the Act.

The Bureau rejoins that the Secretary correctly determined that the Bureau lacked the authority to charge the Contracting Body with a violation of the Act because the Act does not provide the Bureau with this authority and, under the Statutory Construction Act of 1972 (SCA),[10] the Bureau cannot exercise authority unless the Act specifically grants it. The Bureau further retorts that, although Pangallo suggests that the Secretary or the Bureau should have imposed penalties on the Contracting Body for its violation of the Act, the Act does not contain a mechanism to impose penalties on a public body.

---

> wages due any workman engaged in the performance of such contract.

43 P.S. § 165-11(f).

[10] 1 Pa.C.S. §§ 1501-1991. The Bureau specifically cites to Section 1921(a) of the SCA, which provides, in relevant part: "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a).

In *Lycoming County Nursing Home*, a county and a nonprofit corporation (corporation) that contracted for construction of a nursing home facility (project) petitioned this Court for review of a Board order declaring that the project was a *public work* subject to the Act's provisions. This Court ruled that because the corporation used public funds for a public purpose the county proposed, and that the corporation was the county's alter ego, the project was a *public work* subject to the provisions of the Act. Thus, this Court concluded that "the [c]ounty must assume the responsibility of complying with the Act." *Lycoming County Nursing Home*, 627 A.2d at 244.

However, in *Lycoming County Nursing Home*, the contractor was not a party to the appeal. Specifically,

> [f]ollowing an initial inquiry by the [Department's] Prevailing Wage Division . . . (PWD), the PWD notified the [corporation] that the Act's provisions applied to the project. The [corporation] and the [c]ounty . . . appealed the PWD's determination to the Board. After a *de novo* hearing, the Board concluded that the project was a "public work" subject to the Act, and that all workers on the project should have been paid no less than the prevailing minimum wage.

*Id*. at 241 (footnote omitted). The corporation and the county appealed to this Court, which affirmed the Board's conclusion that the Act applied. When this Court concluded that the *county* must assume responsibility, it was differentiating the county from the *corporation*, not the contractor, as the Court pierced the corporate veil of the corporation in order to conclude that the project was in fact a public work. Accordingly, *Lycoming County Nursing Home* is inapposite.

Further, in *A.R. Scalise Co.*, this Court ruled that the contractor committed an unintentional violation of the Act despite the fact that the public body failed to include the prevailing wage predetermination in its instructions to bidders,

8

and instructed the Secretary to allow the contractor a reasonable opportunity to pay its workers the amount the Secretary determined to be due and owing before taking any further action. Thus, contrary to Pangallo's assertion, this Court has ordered a contractor to be solely and personally financially responsible for a contracting body's failure to comply with the Act.

Moreover,

[i]t is axiomatic that we may not add statutory language where we find the extant language somehow lacking:

Under the doctrine of *expressio unius est exclusio alterius*, the inclusion of a specific matter in a statute implies the exclusion of other matters. Similarly, [the Pennsylvania Supreme] Court has long recognized that as a matter of statutory interpretation, although one is admonished to listen attentively to what a statute says[,] one must also listen attentively to what it does not say.

[*Thompson v. Thompson*, 223 A.3d 1272, 1277 (Pa. 2020) (cleaned up).] "[T]he court may not supply omissions in the statute when it appears that the matter may have been intentionally omitted."

*Sivick v. State Ethics Comm'n*, 238 A.3d 1250, 1264 (Pa. 2020) (footnote omitted) (quoting *Commonwealth v. Spotz*, 716 A.2d 580, 590 (Pa. 1998)).

Here, Section 11 of the Act provides the exclusive remedies and penalties for violations thereof. "It is well[ ]settled that administrative agencies, such as the [Bureau], are creatures of the General Assembly and can only exercise the powers that are conferred upon them by statute." *Grimaud v. Pa. Ins. Dep't*, 995 A.2d 391, 405 (Pa. Cmwlth. 2010). The Act does not authorize the Bureau to impose penalties on public bodies. Rather, the legislature intended employers to be solely responsible for correcting any underpayments. Because the Act does not contain a mechanism to impose penalties on a public body, this Court cannot so order.

9

Accordingly, the Secretary did not err by ordering Pangallo to be solely and personally financially responsible for his failure to comply with the Act.

For all of the above reasons, the Board's order is affirmed.

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Pangallo d/b/a Scott      :
Pangallo Contracting,      :
         Petitioner      :
     :
         v.      :
     :
Pennsylvania Prevailing      :
Wage Appeals Board,      :    No. 526 C.D. 2022
         Respondent      :

## O R D E R

AND NOW, this 5th day of June, 2023, the Pennsylvania Prevailing Wage Appeals Board's April 29, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge